IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. CASTAPHENY, SR., )<br>        Petitioner, )<br>            )<br>vs. )<br>            )<br>STEVEN GLUNT; THE ATTORNEY )<br>GENERAL OF THE STATE OF )<br>PENNSYLVANIA, )<br>        Respondents. ) | Civil Action No. 13-738<br>Chief Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

  Robert A. Castapheny, Sr., ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). By means of the Petition, he sought to have additional time credited against his sentence, specifically, credit for time served from March 4, 2008 to November 18, 2008, or a total of 259 days. ECF No. 11 at 4.

  On May 29, 2013, Petitioner filed the instant Petition. ECF No. 2. The Petition was served and on July 19, 2013, the Respondents filed a Motion for Extension of Time to file the Answer, ECF No. 7, which was granted. Respondents were required to file the Answer by August 9, 2013. ECF No. 8. On August 2, 2013, Petitioner filed a brief in support of his Petition. ECF No. 11. On August 8, 2013, Respondents filed their Answer denying that Petitioner was entitled to any relief. On August 27, 2013, the Court received correspondence from Petitioner which the Court deemed to be a Traverse. ECF No. 14.

  In the Answer, the Respondents included an Exhibit, ECF No. 12-9 at 10 - 12, which indicated that the expiration date of Petitioner's maximum sentence (regarding the sentence that

he was seeking credit against) was calculated to be August 30, 2013. Id. at 11.[1]  The Court contacted the State Correctional Institution at Houtzdale and the records office there confirmed that Petitioner was in fact released from all custody as of August 30, 2013.  In light of the fact that Petitioner sought only to challenge the calculation of his sentence and thereby obtain a quicker release and the fact that he has now already been released, the Petition is DISMISSED as MOOT.    Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981)("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot.").  Accord  Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir. 1988)("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974)); Althridge v. Quiggs, 852 F.2d 621, 624 (D.C. Cir. 1988)("It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot.").  See also  Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").[2]

    As jurists of reason would not disagree with the foregoing, a certificate of appealability is denied.

BY THE COURT

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date:   December 11, 2015

---

[1] We note that as of the date he filed the Petition, i.e., May 29, 2013, Petitioner only had 93 days remaining until he reached his sentence's maximum expiration date of August 30, 2013.

[2] All parties have consented to have the Magistrate Judge exercise plenary jurisdiction over this case. ECF Nos. 5, 13.

cc: All Counsel of Record via CM-ECF

    Robert A. Castapheny, Sr.
    JD-9263
    SCI Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000